IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY ROBINSON, | ) | |
| | ) | 8:06cv322 |
| Plaintiff, | ) | |
| | ) | ORDER on INITIAL REVIEW |
| v. | ) | |
| | ) | |
| BURLINGTON NORTHERN- | ) | |
| SANTA FE RAILROAD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, a nonprisoner. Because the plaintiff is proceeding in forma pauperis ("IFP"), the complaint is subject to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2)(B).

### Admonitions

The plaintiff is informed that the court can later enter an order taxing costs in this case. No one, including the plaintiff, is relieved by this order from the obligation to pay or to reimburse taxable costs after this action is over. In addition, even after a motion to proceed IFP has been granted, the court may still revoke IFP status and dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B) if the court finds that the complaint is frivolous or malicious. Kane v. Lancaster Co. Dep't of Corrections, 960 F. Supp. 219, 222 (D. Neb. 1997) (To determine that a claim is frivolous, the court must find that the claim is based on an indisputably meritless legal theory or that factual contentions are clearly baseless.).

### Initial Review

When presented with an IFP complaint filed by a nonprisoner, the court is "limited, in terms of sua sponte initial review, to deciding whether the plaintiff's complaint is frivolous or malicious." Id. Construed liberally, I do not find that the complaint is frivolous or malicious. See Bracken v. Dormire, 247 F.3d 699, 702-03 (8th Cir. 2001) ("it is our longstanding practice to construe pro se pleadings liberally").

THEREFORE, IT IS ORDERED:

1.   That the Clerk of Court shall send the plaintiff a summons and a Form-285 together with a copy of this order; because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant on the plaintiff's behalf;

1

2. That the plaintiff shall, as soon as possible complete the forms and return them to the Clerk of Court; in the absence of the completed forms, service of process cannot occur;

3. That, upon receipt of the completed summons and Form-285, the Clerk shall sign the summons and forward it, together with a copy of the complaint, to the U.S. Marshal for service on the defendant; the Marshal shall serve the summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law, in the discretion of the Marshal;

4. That failure to obtain service on a defendant within 120 days from the filing of the complaint, as provided by Fed. R. Civ. P. 4(m), may result in dismissal of this matter without further notice; the Clerk shall bring this matter to the attention of the court if no defendant has been served by expiration of the 120-day deadline;

5. That after an appearance has been filed by the defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future document submitted to the court; parties usually serve copies of documents on other parties by first class mail; the plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to each defendant or the attorney of a represented defendant; to send communications to the court without serving a copy on the other parties to the case violates the rules of court;

6. That a defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint;

7. That the plaintiff shall keep the court informed of his current address at all times while the case is pending; failure to do so may result in dismissal; and

8. That the parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of court in the prosecution of this case; the federal rules are available at any law library, and the local rules are available from the Clerk of Court at minimal cost, and also on the court's web site at www.ned.uscourts.gov.

DATED this 27th day of April, 2006.

BY THE COURT

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

2