IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:06CV322 |
| | ) | |
| v. | ) | |
| | ) | |
| BURLINGTON NORTHERN-SANTA FE RAILROAD, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant, Burlington Northern-Santa Fe Railroad's ("BNSF"), Motion to Dismiss or in the Alternative Motion For A More Definite Statement and Motion to Strike. (Filing No. 18).

**Service of Process**

Defendant first moves to dismiss plaintiff's complaint based on plaintiff's failure to properly serve defendant in accordance with Fed. R. Civ. P. 4(h)(1). Fed. R. Civ. P. 4(h)(1) states that a corporation may be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment of law to receive service of process.

After failing to serve defendant within the 120-day deadline proscribed by Fed. R. P. 4(m), the court issued an Order to Show Cause on August 28, 2006 directing plaintiff to serve defendant by September 15, 2006. On September 13, 2006, plaintiff responded to the Order to Show Cause explaining why he had failed to serve the defendant within the 120-day deadline and indicating that he had attempted to serve defendant. On September 20, 2006 the Summons and Form-285 were returned executed upon Dane Freshour as in his capacity as representative of BNSF Company Inc. Defendant now argues that Dane

Freshour is not an officer, a managing or general agent or an agent authorized by appointment of law to receive service on behalf of BNSF and moves to dismiss plaintiff's complaint for ineffective service of process.

But even if the 120-day period for service of process established by Fed. R. Civ. P. 4(m) has expired, Rule 4(m) grants the district courts discretion to "direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Plaintiff's diligent efforts to comply with this court's order establish good cause for the court to extend the time and allow the plaintiff to properly serve defendant. Therefore, as the defendant points out, the plaintiff must address the summons and 285-Form to the Officer, Manager or General Agent at BNSF at the address of 2650 Lou Menk Drive, 2nd Floor, Fort Worth, TX 76131. The plaintiff must complete the forms and return them to the Clerk of Court for service by the U.S. Marshal by December 31, 2006.

**Motion to Dismiss**

Next, defendant moves to dismiss plaintiff's complaint for failure to state a claim for which relief may be granted or in the alternative moves the court to require plaintiff to provide a more definite statement. The court notes that "[a] pro se complaint is to be liberally construed and should not be dismissed unless the plaintiff can prove no set of facts to support the claim." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 761-61 (8th Cir. 1986)).

The court has reviewed the pro se plaintiff's complaint and concludes that the plaintiff has set forth sufficient facts to properly allege a claim for employment

2

discrimination. The defendant should be able to formulate an answer to the complaint and can use the discovery process to obtain additional clarification or information, when needed. Therefore, defendant's motion to dismiss and for a more definite statement is denied.

IT IS ORDERED:

1. That the defendant's Motion to Dismiss or in the Alternative Motion For A More Definite Statement and Motion to Strike (Filing No. 18) is denied;

2. That the Clerk of Court shall send the plaintiff a new summons and Form-285 together with a copy of this order; because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant on plaintiff's behalf;

3. That the plaintiff shall complete the forms and return them to the Clerk of Court by December 31, 2006.

DATED this 28th day of November, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge